IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CITY OF WHEELING,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-338**        (JCN: 2024012069)

**CODY MELSOP,**
**Claimant Below, Respondent**

**FILED**
**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner City of Wheeling ("Wheeling") appeals the July 21, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Cody Melsop filed a response.[1] Wheeling did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's orders, which denied the addition of right knee medial meniscal tear to the claim as a compensable condition and denied temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 21, 2023, while employed by Wheeling as a firefighter, Mr. Melsop suffered an injury to his right knee when carrying a forty-pound tote upstairs. On the same day, Mr. Melsop completed an Employees' and Physicians' Report of Occupational Injury or Disease alleging that he injured his right knee while walking up the stairs at the fire station. The physician's section of the application was completed by a provider at the Wheeling Hospital Emergency Department, who indicated that Mr. Melsop sustained an occupational injury to his right knee.

Mr. Melsop was seen by Scott Miller, FNP-C, on December 22, 2023. Mr. Melsop reported that the day before, while walking up the stairs at work, he heard a pop in his right knee and has had right knee pain since the injury. Mr. Melsop further reported difficulty walking up and down stairs due to the knee pain. FNP-C Miller noted decreased range of

---

[1] Wheeling is represented by Aimee M. Stern, Esq. Mr. Melsop is represented by Sandra K. Law, Esq.

1

motion and tenderness over the lateral joint line and lateral collateral ligament. A right knee x-ray revealed patellar narrowing and spurring. FNP-C Miller assessed right knee pain.

On December 28, 2023, Mr. Melsop was seen by Ross Tennant, NP. Mr. Melsop reported he was walking up a flight of stairs at work when he experienced a popping sensation in his right knee and, since the injury, he has had pain and swelling in his right knee and difficulty walking. Mr. Melsop denied any previous injuries to his right knee. NP Tennant assessed a right knee sprain and indicated that Mr. Melsop should begin physical therapy and undergo an MRI to help determine if there was internal derangement. Mr. Tennent restricted Mr. Melsop to sedentary work.

An Employer's Report of Occupational Injury or Disease was completed by Rebecca Fisher, Human Resources Administrative Assistant, dated January 8, 2024. Ms. Fisher indicated that Mr. Melsop reported his injury to Seth Mowder on December 21, 2021, that she had no reason to question the injury, and that light duty was available.

From January 8, 2024, to January 11, 2024, Mr. Melsop attended physical therapy at Wheeling Hospital. On January 8, 2024, the physical therapist concluded that Mr. Melsop was to receive treatment three times per week for four weeks. On January 9, 2024, the claim administrator issued an order rejecting the claim based on a finding that the injury was not work related.[2] On January 11, 2024, Mr. Melsop was discharged from physical therapy because his workers' compensation claim was denied.

In his January 11, 2024, report, NP Tennant indicated that Mr. Melsop's symptoms had resolved and he requested that he be released to return to work full duty. NP Tennant released Mr. Melsop to return to work with no restrictions.

On February 9, 2024, Mr. Melsop was seen by Renato DelaCruz, M.D., who assessed internal derangements and arthritis of the right knee. Dr. DelaCruz ordered a right

---

[2] On August 22, 2024, the Board reversed the claim administrator's order of January 9, 2024, which rejected the claim, and held the claim compensable for a right knee sprain. The Board noted that Mr. Melsop was not precluded from seeking to add other diagnoses, including right medial meniscus tear, as compensable components of the claim. The Board remanded the claim to the claim administrator with instructions to issue a protestable order addressing the claimant's entitlement to temporary total disability benefits. On April 29, 2025, this Court issued a memorandum decision affirming the Board's order. *See City of Wheeling v. Melsop*, No. 24-ICA-379, 2025 WL 1249650 (W. Va. Ct. App. April 29, 2025) (memorandum decision). On October 21, 2025, the Supreme Court of Appeals of West Virginia affirmed this Court's decision. *See City of Wheeling v. Melsop*, No. 25-382, 2025 WL 2962901 (W. Va. Oct. 21, 2025) (memorandum decision).

knee MRI. On March 1, 2024, Mr. Melsop underwent a right knee MRI revealing an irregularity at the posterior horn of the medial meniscus without displaced tearing; the medial compartment had significant cartilage loss along the central weight bearing portions with underlying moderate edema; lateral cartilage loss was mild; patellofemoral cartilage loss was mild; large knee joint effusion; and small joint bodies were seen along the posterior margin of the anterior cruciate ligament.

Darren Frank, M.D., performed an orthopedic evaluation of Mr. Melsop on April 1, 2024. Dr. Frank reviewed the MRI and indicated there was high-grade cartilage loss in the medial compartment, particularly on the medial femoral condyle, and there appeared to be a tear of the posterior horn of the medial meniscus, approaching the meniscal root. Dr. Frank diagnosed a medial meniscus tear and medial compartment osteoarthritis.

A Diagnosis Update signed by Dr. Frank on April 4, 2024, noted the primary diagnosis was M25.561 (pain in right knee). Dr. Frank indicated that the claimant would undergo a right knee medial meniscectomy versus meniscal root repair. The form also noted that Mr. Melsop required a medial meniscectomy versus a root repair.

On April 16, 2024, Mr. Melsop was deposed and testified that he is a fire engineer and EMT. Mr. Melsop testified that when he was not out on a call, his duties at the station included cutting grass, cleaning the station, salting the driveway, shoveling snow, doing laundry, cooking meals, detailing vehicles, performing minor maintenance on the vehicles, restocking supply closets, restocking equipment, and training. Mr. Melsop stated that on December 21, 2023, he was carrying a large tote with about forty pounds of supplies from the laundry room, which is downstairs, and he proceeded up the stairs. Mr. Melsop testified that about halfway up the stairs, he felt an excruciating pain in his right knee and immediately thereafter felt a loss of stability and that his knee was weak. Mr. Melsop stated that he could not put a lot of weight on his knee and that the pain was getting worse as he continued to go up the stairs. Mr. Melsop testified that he iced his knee and was able to finish his shift, and after his shift, he went to Urgent Care. On April 23, 2024, Mr. Melsop underwent a right knee arthroscopy with medial meniscal root repair performed by Dr. Frank.

The claim administrator issued an order dated September 20, 2024, denying TTD benefits. A Diagnosis Update was signed by Dr. Frank on September 30, 2024, and listed a diagnosis of right knee medial meniscal tear. On February 6, 2025, Jerry B. Magone, M.D., issued a medical file review report opining that the right knee medial meniscus tear was not caused by the injury of December 21, 2023. The claim administrator's order dated February 10, 2025, denied the request to add right knee medial meniscal tear as a compensable component of the claim based on Dr. Magone's file review. Mr. Melsop protested both orders.

3

On July 21, 2025, the Board reversed the claim administrator's orders, which denied the addition of right knee medial meniscal tear to the claim as a compensable condition and denied TTD benefits. The Board found that a preponderance of the evidence establishes that the claimant sustained a right knee medial meniscal tear in the course of and resulting from his employment on December 21, 2023. Further, the Board found that Mr. Melsop was temporarily and totally disabled from December 22, 2023, to January 11, 2024, and from April 23, 2024, to August 2, 2024. Wheeling now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Wheeling argues that the Board erred in finding the opinion of Dr. Frank to be more credible than that of Dr. Magone based solely upon Dr. Frank's status as Mr. Melsop's treating physician and Dr. Magone only conducting a records review, when Dr. Magone's opinion is more consistent with Mr. Melsop's medical records. Wheeling further argues that Dr. Frank failed to explain the alleged causal relationship between Mr. Melsop's meniscal tear and his compensable injury, while Dr. Magone's conclusion that Mr. Melsop's tear is degenerative in nature is consistent with his medical records. Wheeling also argues that the Board's award of TTD benefits to Mr. Melsop is based upon its mischaracterization of the evidence that Mr. Melsop's work restrictions cannot be met. We disagree.

Here, the Board determined that "the opinion of the claimant's treating surgeon, Dr. Frank, is reliable and is given greater weight than the opinion of Dr. Magone, who only

performed a record review and did not examine or treat the claimant." The Board noted that in *Adkins v. Sound Mind, Inc.*, No. 24-ICA-295, 2025 WL 899734 (W. Va. Ct. App. Mar. 24, 2025) (memorandum decision), this Court determined that a medical provider's opinion stating a diagnosis should be compensable is competent evidence that the condition was caused by a compensable injury. The Board also reasoned that even if the opinions of Dr. Frank and Dr. Magone were of equal weight, that the resolution must be resolved in favor of Mr. Melsop. See W. Va. Code § 23-4-1g(a). The Board's reasoning was not clearly wrong.

The Board further determined that Mr. Melsop established that he was temporarily and totally disabled and granted him TTD benefits from December 22, 2023, to January 11, 2024, and from April 23, 2024, to August 2, 2024.

The Board noted that while the Employer's Report of Occupational Injury indicates light work was available to Mr. Melsop, he was nevertheless restricted to sedentary work by Mr. Tennant on December 20, 2023. Wheeling argues that Mr. Melsop testified that Mr. Tennant gave him an option of light or sedentary work, and that he chose not to work. It also argues that Mr. Melsop is not entitled to TTD benefits from April 23, 2024, to August 2, 2024, because that was the period Mr. Melsop was recovering from surgery for a non-compensable meniscus tear. Mr. Melsop counters that the meniscus tear is compensable, and that his recovery from surgery should be covered by TTD benefits. He also contends that even though Wheeling indicated on the form that light work was available, Wheeling submitted no evidence that it offered light duty.

The Board was not clearly wrong when it awarded TTD benefits. This decision affirms the Board's finding that a meniscus tear is compensable. Therefore, Mr. Melsop is entitled to TTD benefits from April 23, 2024, to August 2, 2024, when he was recovering from knee surgery. Moreover, the Board was not clearly wrong when it relied on the written restrictions from Mr. Tennant that Mr. Melsop was restricted to sedentary work. Wheeling also did not submit any documentary evidence that it actually offered work to Mr. Melsop, and that he declined the offer.

Upon review, we conclude that the Board was not clearly wrong in finding that the preponderance of the medical evidence establishes that Mr. Melsop sustained a right knee medial meniscal tear in the course of and resulting from his employment. Further, we find that the Board was not clearly wrong in determining that, based on the medical evidence, Mr. Melsop was temporarily and totally disabled from December 22, 2023, to January 11, 2024, and from April 23, 2024, to August 2, 2024. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of

5

review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's orders, which denied the addition of right knee medial meniscal tear to the claim as a compensable condition and denied TTD benefits.

Accordingly, we affirm the Board's July 21, 2025, order.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White